Christopher Campbell, Esq. SBN 309234
ccampbell@lydecker.com
Bryan Miller, Esq., SBN 178134
bmiller@lydecker.com
**LYDECKER**
523 West Sixth Street, Suite 716
Los Angeles, CA 90014
Telephone: (213) 226-7068
Facsimile: (213) 293-4425

Attorneys for Defendant
BEACON HILL SOLUTIONS GROUP, LLC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA RAUHAUSER, an individual California Resident | Case No. 2:25-cv-06048 |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(b), AND 1446 BY DEFENDANT BEACON HILL SOLUTIONS GROUP, LLC** |
| vs. | |
| BEACON HILL SOLUTIONS GROUP, LLC, a Massachusetts Limited Liability Company; and DOES 1-100, inclusive, | Complaint Filed:    April 24, 2025<br>Trial Date:    Not Set |
| Defendants. | |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Beacon Hill Solutions Group, LLC (herein, "Beacon Hill"), by and through its undersigned counsel, hereby removes this case from the Superior Court of the State of California, County of Los Angeles, where it was filed as Case No. 25STCV12057 and assigned to Honorable Kevin C. Brazile in Department 20, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that diversity exists between Plaintiff LISA RAUHAUSER (herein, "Plaintiff") and Beacon Hill, and the amount in controversy exceeds the sum of $75,000. Plaintiff is a resident, citizen, and domiciliary of the State of California. Beacon Hill is a Massachusetts limited liability company with its principal place of business and headquarters in Boston, Massachusetts, from where all critical corporate functions, policies, and executive decision-making flow.

In support of this removal, Beacon Hill states as follows:

## I.    Background

On April 24, 2025, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Lisa Rauhauser vs. Beacon Hill Solutions Group, LLC, a Massachusetts Limited Liability Company and Does 1 through 100, inclusive*, as Case Number 25STCV12057. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**. Beacon Hill was served with the Summons and Complaint on June 3, 2025. A true and correct copy of the filed proof of service is attached hereto as **Exhibit B**.

In the Complaint, Plaintiff asserts the following ten causes of action:

1.  Age Discrimination (Government Code §12940(a) et seq.);
2.  Retaliation (Government Code §12940(h) et seq.);
3.  Wrongful Termination in Violation of Public Policy;
4.  Failure to Prevent Discrimination and Retaliation (Government Code §12940(k) et seq.);
5.  Failure to Pay Overtime (Labor Code §510);
6.  Failure to Pay Meal and Rest Periods (Labor Code §§512, 226.7);
7.  Failure to Provide Accurate Paystubs (Labor Code §226);
8.  Failure to Pay All Wages When Due (Labor Code §§201-203);
9.  Failure to Reimburse Business Expenses; and

2

10.Unfair Competition.

Plaintiff made prayers for judgment as follows: "for general and special damages according to proof at trial, including prejudgment interest thereon; for exemplary and punitive damages in an amount according to proof at trial; for compensatory damages; for prejudgment and post judgment interest; for injunctive relief to compel Defendant's compliance with Labor Code Section 226; for Plaintiff's attorneys' fees and costs of suit incurred herein to the extent provided by contract, statute, or other law, including California Government Code Section 12965(b) and California Labor Code Sections 226 and 1198.5 et seq.; and for such other further relief as the court may deem necessary, just, or proper. See **Exhibit A**, Complaint, p. 15-16, ¶¶ 1-7.

## II.    Grounds for Removal

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between …citizens of different States[.]"

## III.    The Amount-In-Controversy Requirement is Satisfied

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). The Ninth Circuit employs the "either viewpoint" test to determine the value of the object of the litigation. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017). "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce*." In re Ford Motor Co./Citibank*, 264 F.3d 952, 959 (9th Cir. 2001).

"Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by the preponderance of evidence that the

amount in controversy exceeds [the jurisdictional threshold]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  Though Plaintiff does not explicitly state a monetary amount for damages, it is clear from the nature of the several claims and the relief sought that the amount in controversy exceeds $75,000 as required by 28 U.S.C § 1332.  Plaintiff's prayers for judgment include a broad request for damages and other forms of financial relief, including:

1. *General and special damages* including *prejudgment interest thereon*;

2. *Exemplary and punitive damages*;

3.  *Compensatory damages*;

4. *Prejudgment and post judgment interest*;

5. *Plaintiff's attorneys' fees and costs of suit*; and

6. *Such other further relief* as the Court may deem necessary, just, or proper

Though Plaintiff has not pleaded a specific monetary amount in her complaint, Plaintiff claims general and special damages in the form of lost earnings and employment benefits due to the alleged wrongful termination, which could include lost wages from the date of termination to the present, as well as potential future lost earnings and benefits if Plaintiff is not reinstated or awarded front pay.  Assuming a wage of $36.06 an hour based on a purported salary of $75,000 with Plaintiff working approximately 50 to 55 hours a week, as stated in Plaintiff's complaint, this amount alone could exceed the $75,000 threshold.  See **Exhibit A**, Complaint, p. 3, ¶¶ 9-10.

Plaintiff's prayer for punitive damages further raises the stakes.  Under California law, punitive damages are available where the defendant's conduct is shown to be oppressive, fraudulent, or malicious.  See *Food Pro Internat., Inc. v. Farmers Ins. Exch*, 169 Cal. App. 4th 976, 994 (2008).  California law allows for a punitive damages award that could substantially increase the total amount in controversy.  Even under a conservative estimate, the potential for punitive damages in this case could push the amount in controversy well beyond $75,000.

/ / /

Plaintiff also seeks attorneys' fees. "Attorney fees are part of the amount in controversy if they are provided for by statute …" See *Zuckman v. Monster Beverage Corp.*, 958 F.Supp.2d 293, 301 (D.D.C. 2013); *Inst. for Truth in Mktg. v. Total Health Network Corp.*, 321 F. Supp. 3d 76, 90 (D.D.C. 2018). Given the numerosity of Plaintiff's causes of action, the legal fees alone could easily surpass the $75,000 threshold, especially when considering a potential multi-year litigation process.

The combination of these claims for general and special damages, punitive damages, and attorneys' fees in this case all contribute to an amount in controversy that surely exceeds the $75,000 jurisdictional threshold required for federal diversity jurisdiction. Furthermore, under the "preponderance of the evidence" standard, where a Plaintiff does not plead a specific monetary amount in her complaint, it is sufficient that Beacon Hill show that the amount in controversy is more likely than not to exceed $75,000. (See *Coral,* 878 F.3d at 775). Given the types of relief sought and the factual allegations, Beacon Hill asserts that the amount in controversy clearly exceeds this threshold, and removal on the basis of diversity should be allowed.

Importantly, Beacon Hill denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Beacon Hill does not waive any defenses or claims that may otherwise be available to them. Without waiving this position, and in light of the allegations of Plaintiff's complaint, the amount in dispute in this matter exceeds $75,000, exclusive of interest and costs.

## IV. Diversity of Citizenship Exists Between Plaintiff and Beacon Hill

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), and it may be removed to this Court pursuant to 28 U.S.C. § 1441(b). Specifically, and as explained more fully below, this action involves citizens of different states and complete diversity, in addition to the amount in controversy exceeding the sum of $75,000, as stated above.

Beacon Hill is informed and believes, based upon the allegations in Plaintiff's Complaint and its records and knowledge, and allege that Plaintiff was, and still is, a

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(b), AND 1446 BY DEFENDANT BEACON HILL SOLUTIONS GROUP, LLC

citizen of the State of California. Beacon Hill was formed in Massachusetts and is, and was at the time this lawsuit was filed, a Massachusetts limited liability company. Additionally, per the Declaration of Steven Drooker, filed concurrently herewith as **Exhibit C**, (1) Beacon Hill's Members are citizens of the state of Florida, and (2) Beacon Hill's primary decision-making and control functions occur at 20 Ashburton Place, Boston, Massachusetts, 02108, the location of its principal place of business. See Declaration of Steven Drooker, **Exhibit C**. As such, Beacon Hill was not and is not a citizen of the State of California. Plaintiff was not and is not a citizen of Massachusetts or Florida. Thus, Plaintiff is a "citizen of a State different from" Beacon Hill under 28 U.S.C. § 1332(a); see also *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

Lastly, the defendants designated as Does 1-100 are fictitious defendants. Thus, they are not parties to this action. Unnamed defendants, such as Doe defendants, are not required to join in a removal petition. The Court disregards their citizenship for purposes of determining diversity. See 28 U.S.C. § 1441(a); *Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

## V.    Venue and Timeliness of Removal and Notice

Venue lies in the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 84(c)(2) and 1441(a) because this Court's territorial jurisdiction includes Los Angeles County, California, where the Plaintiff's State Court action was filed and is pending.

Further, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as the Plaintiff served Beacon Hill with the Summons and Complaint on June 3, 2025, and this Notice is being filed "within 30 days after the service of summons upon the defendant."

Beacon Hill will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of Los Angeles, as required by 28 U.S.C. § 1446(d).

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(b), AND 1446 BY DEFENDANT BEACON HILL SOLUTIONS GROUP, LLC

1    If any question arises as to the propriety of the removal of this action, Beacon

2  Hill respectfully requests the opportunity to submit briefing and oral argument and to

3  conduct discovery in support of its position that subject matter jurisdiction exists.

4

5  Dated:        July 2, 2025              **LYDECKER**

6

7                                By:     /s/ Christopher J. Campbell

8                                        Christopher J. Campbell
                                         Bryan Miller

9                                        Attorneys for Defendant Beacon Hill Solutions
                                         Group, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(b), AND 1446 BY
DEFENDANT BEACON HILL SOLUTIONS GROUP, LLC

**EXHIBIT A**

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/24/2025 9:10 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BEACON HILL SOLUTIONS GROUP, LLC, a Massachusetts Limited Liability Company, and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LISA RAUHAUSER an individual California resident

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court;
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
25STCV12057

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arthur Y. Whang, 5850 Canoga Ave., Suite 400, Woodland Hills, CA 91367

DATE: April 23, 2025                    David W. Slayton, Executive Officer/Clerk of Court              , Deputy
*(Fecha)* 04/24/2025                    *(Secretario)*               E. Galicia                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

(SEAL)

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Beacon Hill Solutions Group, LLC, a Massachusetts Limited Liability Company

under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [X] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

1 | WHANG LAW FIRM
A PROFESSIONAL CORPORATION
2 | Arthur Y. Whang (SBN 203916)
5850 Canoga Avenue, Suite 400
3 | Woodland Hills, California 91367
Telephone: (310) 479-7300
4 | Email: arthur@whanglaw.com

5 | Attorneys for Plaintiff
LISA RAUHAUSER
6

7

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/24/2025 9:10 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF LOS ANGELES

10

11 | LISA RAUHAUSER an individual California resident,

12 | Plaintiff,

13 | v.

14 |

15 | BEACON HILL SOLUTIONS GROUP, LLC, a Massachusetts Limited Liability Company; and
16 | DOES 1-100, inclusive,

17 | Defendants.

COMPLAINT FOR: 25STCV12057

(1) **AGE DISCRIMINATION (GOVERNMENT CODE § 12940(a) ET SEQ.);**
(2) **RETALIATION (GOVERNMENT CODE § 12940(h) ET SEQ.);**
(3) **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**
(4) **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION (GOVERNMENT CODE § 12940(k) ET SEQ.);**
(5) **FAILURE TO PAY OVERTIME (LABOR CODE § 510);**
(6) **FAILURE TO PAY MEAL AND REST PERIODS (LABOR CODE §§ 512, 226.7);**
(7) **FAILURE TO PROVIDE ACCURATE PAYSTUBS (LABOR CODE § 226)**
(8) **FAILURE TO PAY ALL WAGES WHEN DUE (LABOR CODE §§ 201-203);**
(9) **FAILURE TO REIMBURSE BUSINESS EXPENSES;**
(10) **UNFAIR COMPETITION;**

**DEMAND FOR TRIAL BY JURY**

26

27 | Plaintiff Lisa Rauhauser ("Plaintiff"), for her complaint against Defendants Beacon Hill

28 | Solutions Group, LLC, and Does 1 through 100 inclusive, and each of them, alleges as follows:

-1-

**THE PARTIES**

1.      At all times mentioned herein, Plaintiff was, and now is, an individual residing within the County of Los Angeles, State of California.

2.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Beacon Hill Solutions Group (the "Company" or "Beacon Hill") is, and at all relevant times was, a Massachusetts-registered limited liability company, which regularly and systematically does business in the County of Los Angeles, California.

3.      Plaintiff is unaware of the true names and capacities of Defendants sued herein as Does 1-100, inclusive ("Doe Defendants"), and therefore sues these Doe Defendants by such fictitious names.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of said Doe Defendants when ascertained.  Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, each of the fictitiously-named Doe Defendants conducted business in Los Angeles County, California, and are culpable or responsible in some manner and/or conspired with one or more of the other Defendants for the conduct, acts, omissions, occurrences, injuries, and damages herein alleged, and that Plaintiff's injuries and damages were directly and proximately caused thereby.  Defendant Beacon Hill and the entities it does business as and Does 1 through 100 are hereinafter referred to collectively as "Defendant."

**GENERAL ALLEGATIONS**

4.      Plaintiff is informed and believes that Defendant is doing business, and at all relevant times, did business, within the State of California, including within the County of Los Angeles, as Beacon Hill Solutions Group, LLC a Massachusetts-registered limited liability company.  Beacon Hill is in the business of, among other things, recruiting and placing attorneys and other legal support staff with client employers, including in Los Angeles County.

5.      On or about May 14, 2019, Plaintiff was hired by Defendant as a director of recruiting, responsible for the oversight of the Southern California region with a focus on the greater Los Angeles County market.  Plaintiff was based out of Beacon Hill's downtown Los Angeles office, although much of her tenure included remote work, as well.  As a director and recruiter, Plaintiff's

COMPLAINT FOR DAMAGES

1  job duties were, among other things, to locate and place attorney and other legal support recruits with

2  Beacon Hill's law firm clients and to manage other recruiting staff.

3      6.      Plaintiff's starting salary was a purported, flat $75,000 per year, plus various

4  incentives and benefits, primarily in the form of a bonus and commission plan. Plaintiff's bonus and

5  commission plan called for, among other things, a 10% commission of personal job orders and 10%

6  of personal conversion receipts originated by Plaintiff. Plaintiff was also eligible for a bonus of 5%

7  of her net income for the Los Angeles office. On information and belief, Plaintiff contends that other

8  employees in her position also were paid via a purported salary and treated improperly as "exempt

9  employees."

10     7.      Throughout Plaintiff's employment tenure, Defendant improperly and unlawfully

11  misclassified Plaintiff, as well as others similarly situated to Plaintiff, as an "exempt" employee and

12  paid her only a purported "salary" without any additional and proper overtime pay, provision of meal

13  and rest periods, and other wage and hour protections and guarantees that do not apply to properly

14  exempt employees.

15     8.      In fact, during Plaintiff's entire employment tenure, neither she nor others in her same

16  position ever met all the criteria to be properly considered exempt. Rather, during her entire tenure,

17  as well as the tenures of those in her same position, Plaintiff was non-exempt and should have been

18  classified and treated as non-exempt by Defendant for her entire employment period.

19     9.      During Plaintiff's tenure, in order to perform her assigned job duties, she was regularly

20  required to work approximately 50-55 hours per week, and sometimes more, as were others in her

21  same position at the company. Also, Plaintiff often had to work during all seven consecutive days in

22  the week, including the weekend.

23     10.     Plaintiff's base rate of approximately $36.06 per hour was based on her purported

24  annual salary of $75,000.

25     11.     Throughout Plaintiff's employment with Defendants, for each hour that Plaintiff

26  worked over 8 hours in one day or over 40 hours in one week, which was often, including as detailed

27  herein, Plaintiff was not paid the proper overtime rate of "time and a half" of her regular rate of pay.

28  Nor were other employees who held the same position. Instead, Defendant improperly and

-3-

unlawfully misclassified Plaintiff and others similarly situated to her as "exempt" (which Plaintiff and others like her were not) and paid her only a purported "salary" without any additional and proper overtime pay.

12.     For each hour that Plaintiff worked for Defendant over 12 in one day, Plaintiff and others in her same position were not paid the proper overtime rate of double her regular rate of pay. Instead, Defendant improperly and unlawfully misclassified Plaintiff and others like her as "exempt" (which Plaintiff and others like her were not) and paid her only a purported "salary" without any additional and proper overtime pay, including double time.

13.     Throughout Plaintiff's employment with Defendants, she and others in her same position were denied duty-free meal periods of at least 30 minutes in length, at least three times each week. Often. rather than being provided with a proper meal period, Plaintiff and others in her same position were forced to work through her lunch or to take a meal period shorter than 30 minutes in length.

14.     Throughout Plaintiff's employment with Defendants, she and others in her same position were denied duty-free rest periods of at least 10 minutes in length, and for each four hours of work or major portion thereof, at least three times every week during her employment tenure.

15.     Throughout Plaintiff's employment with Defendants, at least three times per week, she and others in her same position were denied a second, duty-free meal period of at least 30 minutes in length, for each day that she worked more than 10 hours. Often, rather than being provided with a proper second meal period, Plaintiff and others in her same position were forced to work through her second lunch or to take a second meal period shorter than 30 minutes in length.

16.     Upon her hire, Plaintiff was promised a monthly $100 allowance to cover her cell phone, high-speed internet at her home office, parking (for the most part), and other business expenses. Plaintiff and others in her same position never received their proper expense allowance or reimbursement, which led to Plaintiff and others in her same position having to pay personally for a cell phone and other business expenses that they incurred in connection with their normal job duties. To date, Plaintiff and others in her same position have never been reimbursed for reasonable business expenses incurred by them in connection with their work for the Company.

-4-

17.     Throughout her employment tenure, Plaintiff's job performance was strong, measured both objectively and by the feedback she received from her supervisors.

18.     Plaintiff had a strong year in 2022, which resulted in a bonus payment of $4,774.46 and an additional, discretionary bonus payment of $3,124.50.

19.     In or around early 2023, Plaintiff was told by Regional Manager Betsy Walton that her "numbers were good" and that she should "keep doing what [Plaintiff] is doing." Plaintiff was also told by Ms. Walton at this time that she was doing a good job mentoring other recruiters.

20.     During Plaintiff's entire tenure, she has consistently been told that "everyone loves working with" Plaintiff, and that she exhibits a high degree of professionalism.

21.     During this time, Plaintiff is informed and believes that she had the most job orders of anyone in her working group, including when compared with recruiters who were significantly younger than Plaintiff.

22.     Despite her track record of excellent performance, in or around June 2023, Plaintiff was demoted to a Senior Managing Consultant position. In this new, lower role, Plaintiff was tasked with overseeing the Company's permanent placement consultants, all of whom were junior recruiters, as well as continuing to manage the attorney placement director.

23.     Despite her strong performance, and in connection with her demotion, Plaintiff's salary was reduced in January 2024 to approximately $64,480 per year. Additionally, Plaintiff was assigned a new bonus plan which started as of Quarter Three, 2023. This harmed Plaintiff and was akin to Plaintiff having to start over rather than build off of her past strong performance. As a result, Plaintiff lost significant commission and bonus compensation.

24.     Plaintiff is not aware of any younger recruiters' salaries being reduced at the time that her own salary was reduced. Further, at least one other junior recruiter was not put on a new bonus plan (the way that Plaintiff was) that forced them to start over and lose bonus and commission compensation as a result.

25.     In or around September 2023, Plaintiff was told that she would have to report to Anna Maria Coombs, whom Plaintiff believes is approximately 20 years younger than her. Ms. Coombs, to Plaintiff's best knowledge, has no previous experience in permanent placement.

26.     Plaintiff was never told that her numbers were "in the red" during her tenure prior to her termination date.  Further, Plaintiff's numbers objectively tell a different story – one of sustained growth and success that resulted in consistent office growth during her tenure.

27.     The final nail in Plaintiff's coffin as an employee of Defendant was her blowing the whistle on company practices that Plaintiff believed to be illegal and unethical.  In or around late 2023, Plaintiff complained to Ms. Walton, a senior manager at the Company, that one of the company's recruiters was conducting unauthorized Google searches of candidates.

28.     Plaintiff had a good-faith belief that Defendant's practices were unlawful, unethical, and a possible violation of the law concerning the use of background check information.  Plaintiff held the belief that before recruiting firms could conduct background checks and use such information against candidates, certain procedural hurdles had to be cleared and consents obtained.  Plaintiff also believed that doing so was a violation of candidates' constitutional privacy rights.

29.     Ms. Walton received the complaint in an indifferent manner, not supporting or sharing Plaintiff's concerns and to Plaintiff's best knowledge, not launching any sort of investigation or inquiry into the issue that Plaintiff reported to her.

30.     Only weeks after Plaintiff made her protected complaint to Ms. Walton of what she believed to be unethical and unlawful Company conduct, Plaintiff's employment was abruptly terminated on or about December 11, 2023.  In her termination meeting, Ms. Walton told Plaintiff that she was being terminated because her "numbers were too low."  Plaintiff was further told that her "numbers were in the red" during the entirety of her tenure at the Company.

31.     Plaintiff believes that the reasons proffered for her termination were and are pretextual and false reasons hiding the actual basis for her termination – her age, which was far higher than those of her peers, including those promoted into her former role, as well as retaliation for her complaints.

32.     Since Plaintiff's termination, her understanding is that Ms. Coombs, whom Plaintiff believes is approximately 20 years her junior, has replaced her as director.

33.     Additionally, another employee named Anthony, whom Plaintiff believes is at least 10 to 15 years her junior, has replaced Plaintiff in her Senior Management Consultant position.

-6-
COMPLAINT FOR DAMAGES

34.    Plaintiff filed her complaint against Defendants based on the aforementioned facts
with the California Civil Rights Department ("CRD") on May 3, 2024.  On May 3, 2024, the CRD
issued Plaintiff her Right to Sue Letter against Defendants.

## FIRST CAUSE OF ACTION

### (Age Discrimination in Violation of Government Code §12940(a) Against All Defendants)

35.    Plaintiff realleges and incorporates herein by reference each and every allegation
contained in paragraphs 1 through 34, inclusive, hereinabove, as though set forth in full.

36.    Defendant regularly and systematically does business in the State of California and is
subject to suit under the California Fair Employment and Housing Act, Government Code Sections
12900 et seq. ("FEHA"), in that Defendant regularly employs five or more persons.

37.    Pursuant to California Government Code Section 12940, Defendant owed Plaintiff the
duty not to terminate her employment because of her age, and not to discriminate against her in the
terms and conditions of her employment.

38.    As fully alleged above, Plaintiff suffered from qualified disabilities, and she was
terminated on December 11, 2023, due to her age, as set forth herein.

39.    Plaintiff was, at the time of her unlawful termination, 60 years old, which is within the
protected age category pursuant to applicable law.

40.    At all times mentioned herein, Plaintiff was an employee within the meaning of
California Government Code Section12926, and at all times during her employment, Plaintiff was
qualified for the position she held and was performing competently in the position.

41.    Defendant's discriminatory actions against Plaintiff, as alleged above, including
Plaintiff's termination of employment effective December 11, 2023, constituted unlawful
discrimination in employment on account of Plaintiff's disability, in violation of California
Government Code Sections 12940, *et seq.*

42.    As a result of Defendant's acts and omissions alleged above, Plaintiff suffered injuries
and damages in an amount according to proof.

43.    As a proximate result of Defendant's wrongful conduct, Plaintiff was caused to suffer,
and continues to suffer, damages in an amount subject to proof, but which are in excess of the

1  jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, anxiety,

2  severe emotional distress, worry, fear, lost compensation and benefits (including pre-judgment

3  interest thereon), front pay, back pay, and the like.

4        44.    By discriminating against Plaintiff in violation of Government Code Section 12940,

5  Defendant acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's

6  rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code

7  Section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to

8  proof at time of trial.

9        45.    Plaintiff seeks attorneys' fees and costs pursuant to California Government Code

10  Section 12965(b).

11                                     **SECOND CAUSE OF ACTION**

12        **(Retaliation in Violation of Government Code §12940(h) Against All Defendants)**

13        46.    Plaintiff realleges and incorporates herein by reference each and every allegation

14  contained in paragraphs 1 through 45, hereinabove, as though set forth in full.

15        47.    Defendants regularly and systematically do business in the State of California and are

16  subject to suit under the FEHA in that Defendants regularly employs five or more persons.

17        48.    Government Code Section 12940(h) makes it an unlawful employment practice for an

18  employer to discharge, expel, or otherwise discriminate against any person because the person has

19  opposed any practices forbidden under this part or because the person has engaged in a protected

20  activity, filed a complaint, testified, or assisted in any proceeding under this part.

21        49.    Defendants' adverse actions against Plaintiff as described earlier in the Complaint

22  constitutes unlawful retaliation against Plaintiff for engaging in the protected activity of protesting

23  and complaining about conduct that she believed was unlawful.

24        50.    Defendants failed to remedy any of its unlawful actions, or the unlawful actions of its

25  managerial agents. Instead, Defendants allowed the unlawful, retaliatory and discriminatory conduct

26  to continue, ultimately by terminating her employment.

27

28

COMPLAINT FOR DAMAGES

51.     As fully described above, Plaintiff contends that in retaliation for her engaging in the protected activities of opposing unlawful company conduct, Defendants engaged in numerous adverse actions against her as a direct result, including ultimately terminating her employment.

52.     Defendants' reasoning for Plaintiff's termination was merely a pretext, including, among other things, in that the retaliatory conduct occurred very shortly after Plaintiff's protected activity, and no other similarly situated employees were treated in the same manner as Plaintiff.

53.     Plaintiff believes that Defendants' stated reason for her termination is patently false and pretextual. Thus, Plaintiff alleges that she was unlawfully retaliated against in violation of Government Code Section 12940(h) et seq.

54.     As a result of Defendants' acts and omissions alleged above, Plaintiff suffered injuries and damages in an amount according to proof.

55.     As a proximate result of Defendants' wrongful conduct, Plaintiff was caused to suffer, and continues to suffer, damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, anxiety, severe emotional distress, worry, fear, lost compensation and benefits (including pre-judgment interest thereon), front pay, back pay, and the like.

56.     By retaliating against Plaintiff in violation of Government Code Section 12940(h) et seq., Defendants acted willfully, oppressively, maliciously and with conscious disregard for Plaintiff's rights, and with the intent to annoy, harass or injure Plaintiff, in violation of California Civil Code Section 3294, such that Plaintiff is entitled to recovery of punitive damages in an amount according to proof at time of trial.

57.     Plaintiff seeks attorneys' fees and costs pursuant to California Government Code Section 12965(b).

## THIRD CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy Against All Defendants)

58.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 57, inclusive, hereinabove, as though set forth in full.

-9-

59.    As fully described above, on or about December 11, 2023, Defendant wrongfully terminated Plaintiff from her employment because of Plaintiff's age and in retaliation for engaging in a protected activity.  Defendant's conduct violates California public policy expressed in, among other statutes and regulations, California Government Code Sections 12940 and 12945.2, etc.

60.    As a proximate result of Defendant's wrongful conduct, Plaintiff was caused to suffer, and continues to suffer, damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, anxiety, severe emotional distress, worry, fear, lost compensation and benefits (including pre-judgment interest thereon), front pay, back pay, and the like.

61.    Plaintiff is informed and believes, and based thereon alleges, that the conduct of Defendant as alleged herein was malicious, oppressive, in conscious disregard of Plaintiff's rights, and with the purpose and intent of harming and injuring Plaintiff and defrauding Plaintiff out of employment and compensation to which Plaintiff was rightfully entitled, and therefore constitutes "malice" as that term is defined in California Civil Code Section 3294, entitling Plaintiff to punitive and exemplary damages according to proof.

## FOURTH CAUSE OF ACTION

### (Failure to Prevent Discrimination and Retaliation in Violation of Government Code § 12940(k) Against All Defendants)

62.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 61, inclusive, hereinabove, as though set forth in full.

63.    Pursuant to California Government Code Section 12940(k), et seq., Defendants, and each of them, owed to Plaintiff the duty to take all reasonable steps necessary to prevent discrimination against Plaintiff based on her age as well as retaliation, as set forth herein.

64.    Despite Defendants' knowledge of the above-mentioned discrimination and retaliation by Defendants, Defendants failed to take immediate and appropriate corrective action to stop the discrimination and retaliation.  Furthermore, before the termination occurred, Defendants failed to take all reasonable steps to prevent such discrimination and retaliation from occurring.

65.     As a result of Defendants' acts and omissions alleged above, Plaintiff suffered injuries and damages in an amount according to proof.

66.     As a proximate result of Defendants' wrongful conduct, Plaintiff was caused to suffer, and continues to suffer, damages in an amount subject to proof, but which are in excess of the jurisdictional minimum of this Court, and which include, but are not limited to, humiliation, anxiety, severe emotional distress, worry, fear, lost salary and benefits (including pre-judgment interest thereon), front pay, back pay, and the like.

67.     Plaintiff seeks her attorneys' fees and costs pursuant to California Government Code Section 12965(b).

## FIFTH CAUSE OF ACTION

### (Failure to Pay Overtime Compensation in Violation of Labor Code § 510 et seq.

### Against All Defendants)

68.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 67, inclusive, hereinabove, as though set forth in full.

69.     By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff was deprived of the wages (and other benefits) to which she was entitled pursuant to the California Labor Code, the California Industrial Welfare Commission's ("IWC") Wage Orders and other wage and hour laws.

70.     At time during the course of her employment, in violation of Labor Code Sections 200 et seq. and other wage and hour laws, Defendants failed and refused to pay Plaintiff the wages due and payable to her, including overtime pay.

71.     Plaintiff was a "non-exempt" full time employee, whom Defendants wrongfully, inaccurately, deliberately, and unlawfully misclassified as "exempt." Pursuant to California Labor Code § 510 and the relevant Industrial Welfare Commission Orders and California Code of Regulations, Defendants were required to compensate Plaintiffs for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and 2 times the regular rate of pay for hours worked in

1 excess of twelve (12) hours per day or in excess of eight (8) hours on the seventh (7th) consecutive

2 day of work in a workweek.

3       72.    During her employment, Plaintiff was required to work, and did work more than eight

4 (8) hours per day and more than forty (40) hours per week. However, in violation of the California

5 Labor Code and the applicable Industrial Welfare Commission Orders, Defendants failed to pay

6 Plaintiff for all overtime hours.

7       73.    Defendants failed and refused to pay Plaintiff the overtime compensation required by

8 California Labor Code § 510 and 1194, and IWC Wage Order 5-2001.

9       74.    As a proximate result of Defendants' wrongful conduct, Plaintiff has been deprived of

10 her rightfully earned overtime compensation. Therefore, Plaintiff is entitled to recover the unpaid

11 balance of wages owed, penalties, plus interest and reasonable attorneys' fees and costs, as well as

12 any remedies in connection with her misclassification by Defendants as supposedly "exempt."

13 **SIXTH CAUSE OF ACTION**

14 **(Failure to Provide Meal and Rest Periods In Violation of Labor Code §§ 226.7, 512**

15 **Against All Defendants)**

16       75.    Plaintiff realleges and incorporates herein by reference each and every allegation

17 contained in paragraphs 1 through 74, inclusive, hereinabove, as though set forth in full.

18       76.    During all times relevant to this action, Defendants routinely failed to provide Plaintiff

19 with rest breaks during her work shifts and have failed to compensate Plaintiff for missed rest breaks,

20 as required by California Labor Code Section 226.7.

21       77.    During all times relevant to this action, Defendants routinely failed to provide Plaintiff

22 with meal periods (and, where applicable, second meal periods) during her work shifts, as required by

23 Labor Code Section 512, and have failed to compensate Plaintiff for these missed meal periods (and

24 second meal periods), as required by California Labor Code Section 226.7.

25       78.    As alleged herein, Plaintiff has not been exempt from the meal and rest period

26 requirements as enumerated in the IWC Wage Orders and California Labor Code.

27       79.    As a proximate result of Defendants' wrongful conduct, Plaintiff has been deprived of

28 her rightfully earned compensation for meal and rest periods. Plaintiff is therefore entitled to recover

such amounts pursuant to California Labor Code Section 226.7(b), plus interest, attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION

**(Failure to Provide Accurate Paystubs in Violation of Labor Code § 226**

**Against All Defendants)**

80.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 79, inclusive, hereinabove, as though set forth in full.

81.    Labor Code § 226(a) requires every employer to provide an itemized statement in writing with each paycheck to non-exempt employees showing the employees: (1) gross wages earned, (2) total hours worked, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis, (4) all the deductions, provided that all deductions made on written orders of employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or the employee's identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

82.    At all times during Plaintiff's employment, Defendants failed to provide Plaintiff with timely and accurate wage and hour statements showing gross wages earned (including overtime wages), totaled hours worked, all deductions made, net wages earned and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

83.    Plaintiff has not been exempt from minimum wage and overtime law as enumerated in the IWC Wage Orders and California Labor Code. As a consequence of Defendants' actions, Plaintiff is entitled to all available statutory penalties, costs and reasonable attorneys' fees, including those provided in California Labor § 226(e), as well as all other available remedies.

### EIGHTH CAUSE OF ACTION

**(Failure to Pay Wages When Due -- Cal. Labor Code §§ 201-203 Against All Defendants)**

-13-

84.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 83, inclusive, hereinabove, as though set forth in full.

85.   California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California Labor Code § 202 requires an employer to promptly pay compensation due and owing to an employee within no more than seventy-two (72) hours of that employee's termination of employment by resignation, and at the time of termination if an employee is involuntarily terminated.

86.   California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required pursuant to California Labor Code § 201 and § 202 respectively, said employer is liable to said employee for a waiting time wage continuation as described herein.

87.   Defendants have willfully failed to compensate Plaintiff properly for wages based on the illegal practices described above, including Defendants' failure to pay to Plaintiff all of her overtime pay, which are wages. Accordingly, Plaintiff was owed wages at the time of termination that Defendants failed to pay. Accordingly, Plaintiff is entitled to a waiting time wage continuation pursuant to Labor Code §§ 201-203, which provides that an employee's wages will continue as a waiting time wage continuation up to thirty (30) days from the time the wages were due.

88.   Plaintiff seeks waiting time wage continuation for the allocable time period prior to filing this complaint, plus costs, interest, disbursements, and attorney's fees pursuant to California law, including but not limited to Labor Code § 218.6.

## NINTH CAUSE OF ACTION

### (Failure to Reimburse Business Expenses Against All Defendants)

89.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 88, hereinabove, as though set forth in full.

90.   As alleged more fully herein, on several occasions during Plaintiff's employment, about once every month, Plaintiff expended her own money on reasonable business expenses for the benefit of Defendants. Defendants have never reimbursed Plaintiff for any of these business expenses.

-14-

91.     In failing to reimburse Plaintiff for reasonable business expenses, including as alleged herein, Defendants violated the California Labor Code, Section 2802.

92.     As a result of Defendants' unlawful practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff, and Plaintiff seeks proper reimbursement, as well as interest and other attendant relief that may be due to her.

### TENTH CAUSE OF ACTION

### (Unfair Competition in Violation of Business & Professions Code § 17200

### Against All Defendants)

93.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 92, hereinabove, as though set forth in full.

94.     Defendants' violations of the California Labor Code as alleged in this Complaint, including Defendants' failure and refusal to provide Plaintiff with meal and rest periods, and Defendants' failure to pay overtime, and failure to reimburse business expenses constitute unfair business practices in violation of California Business and Professions Code Sections 17200 et seq.

95.     As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the direct expense of Plaintiff, who was personally victimized by Defendants' unlawful conduct, as well as members of the public.  Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff.

### PRAYER

**WHEREFORE,** Plaintiff prays for judgment against Defendant as to all causes of action pertinent to them, as follows:

1.     For general and special damages according to proof at trial, including prejudgment interest thereon;

2.     For exemplary and punitive damages in an amount according to proof at trial;

3.     For compensatory damages;

4.     For prejudgment and post judgment interest;

5.     For injunctive relief to compel Defendant's compliance with Labor Code Section 226;

COMPLAINT FOR DAMAGES

1      6.      For Plaintiff's attorneys' fees and costs of suit incurred herein to the extent provided

2   by contract, statute, or other law, including California Government Code Section 12965(b) and

3   California Labor Code Sections 226 and 1198.5 et seq.; and

4      7.      For such other further relief as the court may deem necessary, just, or proper.

5

6   DATED:  April 23, 2025                          WHANG LAW FIRM
                                                    A PROFESSIONAL CORPORATION
7

8                                          By _____

9                                             Arthur Y. Whang
                                              Attorney for Plaintiff
10                                            LISA RAUHAUSER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

## JURY DEMAND

Plaintiff hereby demands a jury trial on all causes of action.

DATED:  April 23, 2025

WHANG LAW FIRM
A PROFESSIONAL CORPORATION


By _____
Arthur Y. Whang
Attorney for Plaintiff
LISA RAUHAUSER

-17-

# EXHIBIT B

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Arthur Whang SBN 203916**<br>**Whang Law Firm**<br>**21800 Oxnard St Ste 470 470**<br>**Woodland Hills, CA 91367**<br>Telephone No.: **(310) 479-7300**     Fax No. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):* **arthur@whanglaw.com**<br>ATTORNEY FOR *(Name):*     **Plaintiff** | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/05/2025 11:36 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By M. Saxon, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING) | |
|---|---|
| STREET ADDRESS: 111 N Hill St<br>MAILING ADDRESS: 111 N Hill St<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, -<br>STANLEY MOSK (EFILING) | |

| PLAINTIFF/PETITIONER:  Lisa Rauhauser<br><br>DEFENDANT/RESPONDENT:  Beacon Hill Solutions Group, LLC | CASE NUMBER:<br>25STCV12057 |
|---|---|
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>01 |

(Separate proof of service is required for each party served.)

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:  *Summons; Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location ; ADR Information Packet; Notice of Case Assignment Unlimited Civil Case*

3.  a.  Party served *(specify name of party as shown on documents served):*
       **Beacon Hill Solutions Group, LLC, a Massachusetts Limited Liability Company**

    b.  [ **×** ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
       **CSC Lawyers Registered Agent by leaving with Maddie Bright**
       ***Person Authorized to Accept***

4.  Address where the party was served: ***2710 Gateway Oaks Drive , Suite 150N Sacramento, CA 95833***

5.  I served the party *(check proper box)*

    a.  [ **×** ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **6/3/2025** (2) at: **01:46 PM**

    b.  [  ]  **by substituted service.** On:   at:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

       (1)  [  ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2)  [  ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3)  [  ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4)  [  ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
            on:   from:   **or** [  ] a declaration of mailing is attached.

POS-010 [Rev. January 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**

                                                                      **Invoice # 12112533**

| PLAINTIFF/PETITIONER: | Lisa Rauhauser | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Beacon Hill Solutions Group, LLC | 25STCV12057 |

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.　c.　☐　**by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

　　　　　(1) on*:*　　　　　　　　　　　　　　　(2) from*:*

　　　　　(3)　　with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

　　　　　(4)　　to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

　　d.　　**by other means** *(specify means of service and authorizing code section):*

6.　The "Notice to the Person Served" (on the summons) was completed as follows:

　　a.　☐　as an individual defendant.

　　b.　☐　as the person sued under the fictitious name of *(specify):*

　　d.　☒　On behalf of *(specify):* **Beacon Hill Solutions Group, LLC, a Massachusetts Limited Liability Company** under the following Code of Civil Procedure section:

|  |  |  |  |
|---|---|---|---|
| ☐ | 416.10 (corporation) | ☐ | 415.95 (business organization, form unknown) |
| ☐ | 416.20 (defunct corporation) | ☐ | 416.60 (minor) |
| ☐ | 416.30 (joint stock company/association) | ☐ | 416.70 (ward or conservatee) |
| ☒ | 416.40 (association or partnership) | ☐ | 416.90 (authorized person) |
| ☐ | 416.50 (public entity) | ☐ | other: |

7.　**Person who served papers**

　　a. Name: **Danielle Noelle Crosby**
　　b. Address: **1000 Corporate Center Drive Suite 110, Monterey Park, CA 91754**
　　c. Telephone number: **213-628-6338**
　　d. **The fee** for service was: **$105.00**
　　e. I am:

　　　　(1) ☐　not a registered California process server.

　　　　(2) 　　exempt from registration under Business and Professions Code section 22350(b).

　　　　(3) ☒　a registered California process server:

　　　　　　(i)　☐ owner　☐ employee　☒ independent contractor.

　　　　　　(ii)　Registration No.: **2018-12**

　　　　　　(iii)　County: **Sacramento**

8.　☒　**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JJ JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

▶ _____

**Danielle Noelle Crosby**　　　　　　　Date: **06/05/2025**

# PROOF OF SERVICE

STATE OF CALIFORNIA       )
                                     )     ss

COUNTY OF LOS ANGELES   )

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is WHANG LAW FIRM, P.C., 5850 Canoga Ave., Suite 400, Woodland Hills, California 91367.  On July 2, 2024, I served the within documents:

**PROOF OF SERVICE OF SUMMONS**

☐     By United States pre-paid first class mail, addressed as set forth below at Los Angeles, California.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐     by placing the document(s) listed above in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

XX    by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below, and not receiving an error message or other indication of failure to be received by the recipient below within a reasonable period of time.

     Christopher Campbell, Esq.
     Bryan Miller, Esq.
     LYDECKER
     523 W. Sixth Street, Suite 716
     Los Angeles, CA 90014

     ccampbell@lydecker.com
     bmiller@lydecker.com

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit. I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 2, 2024, at Los Angeles, California.

                                             /s/ *Arthur Y. Whang*
                                               Arthur Y. Whang

**PROOF OF SERVICE**

United States District Court

Central District of California

*Lisa Rauhauser*

v.

*Beacon Hill Solutions Group, LLP, et al.*

Case No. 2:25-cv-06048

I, Devon MacGregor, am employed in Los Angeles County, California. I am over the age of 18 years and not a party to the within action. My business is 523 W. 6th Street, Suite 716, Los Angeles, CA 90014, (213) 226-7068.

On July 2, 2025, I caused to be served the following documents(s): as follows:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(b), AND 1446 BY DEFENDANT BEACON HILL SOLUTIONS GROUP, LLC**

**BY ELECTRONIC SERVICE:** I caused said documents to be transmitted by electronic mail via the email address dmacgregor@lydecker.com. The name(s) and email address(es) of the person(s) served are set forth in the service list. The document was transmitted by electronic transmission and without error.

I declare that penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on July 2, 2025, at Winchester, California.

*Devon MacGregor*
Devon MacGregor

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(b), AND 1446 BY
DEFENDANT BEACON HILL SOLUTIONS GROUP, LLC

**SERVICE LIST**

United States District Court

Central District of California

*Lisa Rauhauser*

v.

*Beacon Hill Solutions Group, LLP, et al.*

Case No. 2:25-cv-06048

Arthur Whang
WHANG LAW FIRM
5850 Canoga Avenue
Suite 400
Woodland Hills, CA 91367
Ph. (310) 479-7300
arthur@whanglaw.com
***Attorney for Plaintiff Lisa Rauhauser***

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(b), AND 1446 BY
DEFENDANT BEACON HILL SOLUTIONS GROUP, LLC